UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Civil Docket #:

JOSEPH MONFERRATO,

                Plaintiff,

- against -

LIONI LATTICINI INC., individually and d/b/a
LIONI MOZZARELLA SPECIALTY FOOD
DISTRIBUTORS CO. INC., and
LIONI LATTICINI FOOD DISTRIBUTORS, INC.

                Defendant.
------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**CV 10 - 4091**

FILED IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 08 2010 ★
BROOKLYN OFFICE

AMON, J.
GOLD, M.J.

    Plaintiff, JOSEPH MONFERRATO (herein after referred to as "Plaintiff"), by and through his undersigned attorneys, files this, his Complaint, against Defendant LIONI LATTACINI INC., individually and d/b/a LIONO MOZZARELLA SPECIALTY FOOD DISTRIBUTORS CO. INC. (hereinafter referred to as "Defendants").

## INTRODUCTION

1.     Plaintiff brings this action charging that the Defendants violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 et seq., Americans with Disabilities Act, the Family Medical Leave Act ["FMLA"], and state and common law, to recover lost wages, and additional amounts as liquidated damages, emotional distress, punitive damages, reasonable attorneys' fees and costs.

## JURISDICTION

2.     Jurisdiction of this action is conferred upon the court as this action involves a Federal Question under the FMLA, Americans with Disabilities Act, and Title VII of the Civil

Rights Act of 1964. The Court also has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto. This action involves questions of federal law.

3. Plaintiff complains pursuant to the American with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), and to remedy violations of state common law based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966), and 28 U.S.C. §1367, and under the laws of the City and State of New York, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being discriminated against, and retaliated against by Plaintiff's former employer on the basis of disability and/or perceived disability.

4. Plaintiff further complains pursuant to the laws of the State of New York and the Administrative Code of the City of New York, and the laws of the State of New Jersey, seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against, and conductively and actually discharged by Plaintiff's former employer on the basis of disability and/or perceived disability.

5. Venue is proper in this district based upon Defendants' residency and principal place of business within the County of New York, State of New York, within the Eastern District of New York. 28 U.S.C. §1391(b).

## PARTIES

6. Plaintiff is a resident and citizen of the State of New York, County of Kings.

7. At all times material, Defendant LIONI LATTACINI INC. is a domestic business corporation duly authorized and existing by virtue of the laws of the State of New York.

8. At all times material, Defendant LIONI LATTACINI INC. does business as LIONI MOZZARELLA SPECIALTY FOOD DISTRIBUTORS CO. INC.

9. At all times material, Defendant LIONI LATTICINI FOOD DISTRIBUTORS, INC. is a domestic business corporation duly authorized and existing by virtue of the laws of the State of New York.

10. At all times material, Plaintiff was an employee of Defendant LIONI LATTACINI INC.

11. At all times material, Plaintiff was an employee of Defendant LIONI MOZZARELLA SPECIALTY FOOD DISTRIBUTORS CO. INC.

12. At all times material, Plaintiff was an employee of Defendant LIONI LATTICINI FOOD DISTRIBUTORS, INC.

13. At all times material, Defendant LIONI MOZZARELLA SPECIALTY FOOD DISTRIBUTORS CO. INC. operates a manufacturing facility and a sales office at 555 Lehigh Avenue, Union, New Jersey 07083.

14. At all times material, Defendant LIONI LATTICINI, INC. operates at 7819 15th Avenue, Brooklyn, New York 11228.

15. At all times material, Defendant LIONI LATTICINI FOOD DISTRIBUTORS, INC. operates at 7803 15th Avenue, Brooklyn, New York 11228.

## MATERIAL FACTS

16. In or around January 2007, Defendant hired Plaintiff as a "Driver"

17. Plaintiff earned approximately $40,000 per year.

18. Upon information and belief, Plaintiff was an exemplary employee.

19. In or around February 2010, Plaintiff began to have stomach pains and called Defendant to let them know he was unable to go to work.

20. Plaintiff's supervisor, Michael Virga, told Plaintiff that he had to come to work because there was a snowstorm coming and deliveries had to be made. Plaintiff went to work, despite the fact that he was sick.

21. On or about February 19, 2010, Plaintiff became severely ill with stomach pains and was unable to go to work. Plaintiff's mother called Mr. Virga and advised Defendant that Plaintiff was sick and unable to go to work.

22. On or around February 20, 2010, Plaintiff went to the hospital and was admitted.

23. On or around Plaintiff's Mother called Defendant and spoke to his supervisor Mike Virga and informed him that Plaintiff was ill.

24. On February 28, 2010, Plaintiff continued to have stomach pains and began to vomit violently. Plaintiff remained in the hospital under observation.

25. On or about March 8, 2010, Plaintiff was told by his doctors that his intestines were inflamed and need to be operated on immediately.

26. On or around March 8, 2010, Plaintiff called Defendant and spoke to his Supervisor Virga. Plaintiff informed Supervisor Virga about his condition and the surgery and that he needed about a week after the surgery to recover. Supervisor Virga told Plaintiff, "Sure, the main thing is to get better and stay in touch"

27. On or about March 10, 2010 Plaintiff called and spoke to Supervisor Virga and told him the operation was pushed back a day. Supervisor Virga said "Get better and stay in touch".

28. Plaintiff had surgery and 18 inches of his intestines were removed.

29. On or around Mar 11, 2010, after his operation, Plaintiff again called Supervisor Virga to give him an update. Supervisor Virga asked how the Plaintiff was feeling and said to let him know when he gets out.

30. On or around Mar 17, 2010, Plaintiff called Supervisor Virga and told him he was being discharged from the hospital on Mar 18, 2010.

31. On or about March 18, 2010, Plaintiff was released from the hospital.

32. Between March 18, 2010 and March 22, 2010, Plaintiff made numerous calls to Defendant in order to discuss his return to work but Plaintiff was never contacted.

33. On or around March 23, 2010, Plaintiff received a text message from Supervisor Virga's partner, Charlie, stating, "Joe, me and Mike (Mr. Virga) are on sales calls. Joe, we couldn't wait so we had to find a driver. Mike said to call him next week."

34. Plaintiff responded, "You're telling me I'm fired?"

35. Charlie responded, "Joe, you didn't come to work for 4 weeks. We had to get somebody to drive. What were we supposed to do? Mike said to call him next week."

36. Plaintiff responded, "I had an operation. When everybody else is out on vacation, I do their work. I'll be there tomorrow to pick up paperwork."

37. On or about March 25, 2010, Plaintiff went to work to pick up paperwork he needed in order to apply for disability.

38. Plaintiff's supervisor asked Plaintiff what he was doing there and Plaintiff told them that since Defendant had fired Plaintiff, he needed to apply for disability.

39. Defendant's failed to reasonably accommodate the Plaintiff due to his disability.

40. Defendant's unlawfully terminated Plaintiff.

41. Plaintiff had worked for Defendants out of their New York and their New Jersey locations.

42. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

43. As a result of the above Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of all lower Courts.

44. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, the Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

46. § 2612 of the FMLA states in pertinent part:

47. (a) In general
    a. (1) Entitlement to leave
        i. Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

      ii. (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

      iii. (B) Because of the placement of a son or daughter with the employee for adoption or foster care.

      iv. (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

      v. (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

48.     Defendant violated Plaintiff's FMLA rights by failing to provide him with appropriate leave thereunder.

### AS A SECOND CAUSE OF ACTION
### RETALIATION & INTERFERENCE UNDER THE
### FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 *ET SEQ.*

49.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

50.     § 2615 of the Act states as follows:

Prohibited acts

Interference with rights

    (1) Exercise of rights

        i. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

    (2) Discrimination

      ii. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

50. Defendants violated the above sections as set forth herein.

51. Defendant interfered with Plaintiff's rights under the above section and discriminated against Plaintiff and discharged Plaintiff from his employment for opposing Defendant's unlawful employment practice and for exercising his rights.

## AS A THIRD CAUSE OF ACTION
## AMERICANS WITH DISABILITIES ACT

52. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

53. Plaintiff claims Defendant violated Titles I and V of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101

54. SEC. 12112. [Section 102] specifically states

(a) General rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

55. Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW JERSEY STATE LAW

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. New Jersey's Law against Discrimination sets forth in pertinent part as follows:

   § 10:5-12.   Unlawful   employment   practices,   discrimination

   It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:

   a. For an employer, because of the race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment;

58. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his disability.

59. Plaintiff further claims that Defendant violated all other applicable sections of N.J. Stat. § 10:5-12 et. Seq.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW JERSEY STATE LAW

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

61. Defendants further violated The New Jersey Family Leave Act N.J.S.A. 34: 11B-1 et seq. and N.J.A.C. 13:14-1.1 et seq.

62. As such Plaintiff has been damaged as set forth herein.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

63. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

65. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his disability.

## AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

66. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

67. New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

68. Defendants violated the section cited herein as set forth.

## AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

69. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) the employee or agent exercised managerial or supervisory responsibility; or

(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

71. Defendants violated the section cited herein as set forth.

## AS A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

73. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

74. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his disability.

...
...

75. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

77. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

78. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## JURY DEMAND

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by the NJFLA, FMLA, ADA, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), state common law, and that the Defendant, discriminated against, and retaliated against Plaintiff; and that the Defendants unlawfully discriminated against, and discharged Plaintiff.

B. Declaring that the Defendant engaged in unlawful employment practice prohibited by the

C. Declaring that the Defendant intentionally caused Plaintiff to become emotionally distressed.

D. Awarding damages to the Plaintiff, retroactive to the date of his discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendant's unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

E. Awarding Plaintiff compensatory damages for mental, emotional injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

F. Awarding Plaintiff punitive damages;

G. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

H. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

**WHEREFORE**, Plaintiff demands judgment against Defendant, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
       September 1, 2010

                                        AKIN & SMITH, LLC
                                        Attorneys for Plaintiff

                                By:     _____
                                        Derek T. Smith, Esq.
                                        30 Broad Street, 35th Floor
                                        New York, NY 10004
                                        (212) 587-0760